## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| A. KAMI COLE and ANDREA BANDERAS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:11-CV-576-RLV-LTW |
| LAW OFFICES OF JAMES A. WEST, P.C., | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT LAW OFFICES OF JAMES A. WEST, P.C.'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**COMES NOW** defendant Law Offices of James A. West, P.C. ("Defendant"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), specifically reserving its right to seek arbitration of plaintiffs' claims pursuant to 9 U.S.C. § 1, *et seq*., and hereby submits this memorandum of law in support of its Motion to Dismiss filed contemporaneously herewith requesting that the Court dismiss the complaint (the "Complaint") filed by plaintiff A. Kami Cole ("Cole") and plaintiff Andrea Banderas ("Banderas") (collectively "Plaintiffs"), with prejudice, for failure to state a claim upon which relief can be granted.  In support of its motion, Defendant respectfully shows the Court as follows:

# I. <u>INTRODUCTION</u>

Plaintiffs' complaint fails to state a claim upon which relief can be granted and, therefore, must be dismissed.  Plaintiffs' Complaint asserts a single claim against Defendant for its alleged violation of the Fair Debt Collection Practices Act ("FDCPA").  [*See* Doc. 1.]  Specifically, Plaintiffs allege that Defendant violated § 1692c(b) of the FDCPA by disclosing the alleged debt to Banderas.  [*See* Doc. 1.] However, Plaintiffs' claim fails as a matter of law because Plaintiffs admit in their complaint that Plaintiffs "are 'consumers' as that term is defined by 15 U.S.C. § 1692a(3)" and the FDCPA **<u>expressly allows</u>** Defendant to contact "consumers" to collect on a debt.  *See* 15 U.S.C. § 1692c(b).  Plaintiffs' Complaint, therefore, must be dismissed in its entirety.

Plaintiffs' Complaint fails to reference any other sections of the FDCPA that they contend Defendant violated.   As such, this Court should not construe Plaintiffs' Complaint as attempting to assert any FDCPA claims other than their alleged violation of § 1692c(b).  *See e.g. Koolen v. Beltway Cap. Mgmt., LLC*, No. 10-050S, 2011 WL 561131, at *5 (D.R.I. Jan. 3, 2011) (Magistrate Judge recommending that FDCPA claim be dismissed because the Plaintiff failed to specify what provisions of the FDCPA were violated); *Koolen v. Beltway Cap. Mgmt., LLC*, No. 10-050S, 2011 WL 582504 (D.R.I. Feb. 8, 2011) (adopting the

Magistrate Judge's report and recommendation); *Levine v. Downey*, No. CV-09-1656, 2009 WL 4282471, at \*4 (D. Ariz. Nov. 25, 2009) (dismissing plaintiff's claims under the FDCPA, RESPA and Arizona Consumer Fraud Act due to the plaintiff's complaint failing to specify the provisions of any statute claimed to have been violated).

Additionally, Plaintiffs' allegations cannot be construed to state an FDCPA claim and must be dismissed because they are bland factual allegations that are merely threadbare recitals of FDCPA language. [Doc. 1, ¶¶ 8-20.] Indeed, these are exactly the type of assertions that the U.S. Supreme Court stated were inappropriate in the oft-cited decisions of *Bell Atlantic Corp v. Twombly* and *Ashcroft v. Iqbal*. Without allegations that are specific to the instant lawsuit, Plaintiffs' FDCPA claim must be dismissed for failing to comply with Fed. R. Civ. P. 8(a).

Finally, to the extent that Plaintiffs' scant complaint can be construed to claim a violation of § 1692e(5), that claim cannot survive this Motion to Dismiss because Plaintiffs do not **allege** that Defendant threatened to take an action that it could not legally take or that it did not intend to take. *See Larsen v. JBC Legal Group, P.C.*, 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008). Because these elements

**are not pled**, it is apparent that Plaintiffs have not stated a proper § 1692e(5) claim and Plaintiffs' Complaint must be dismissed.

## II. SUMMARY OF THE CASE

Plaintiffs instituted this action by filing a complaint on February 21, 2011 in this Court.  [*See, e.g.,* Doc. 1, Complaint.]  Plaintiffs' Complaint contains very few factual allegations.  Plaintiffs' Complaint alleges that Plaintiffs are "consumers" and that Defendant is a "debt collector" as those terms are defined by the FDCPA.  [*Id.*, ¶¶ 4, 5.]  Plaintiffs allege that Defendant engaged in attempts to collect a "debt" as defined by 15 U.S.C. § 1692a(5).  [*Id.*, ¶ 10.]  Plaintiffs state that Defendant "called a telephone number not belonging to Plaintiff Cole and disclosed the existence of the Subject Debt to a third party, Plaintiff Banderas," such disclosure being a violation of 15 U.S.C. § 1692c(b).  [*Id.*, ¶¶ 14, 22.]  Plaintiffs state further that "Plaintiff Banderas requested that she not be contacted further regarding Plaintiff Cole's Subject Debt, but employees of Defendant continued to call Plaintiff Banderas.  [*Id.*, ¶ 16.]  Plaintiffs also allege that "Defendant threatened to take action in the form of an imminent lawsuit to collect the debt if Plaintiff Cole did not pay the Subject Debt."  [*Id.*, ¶ 17.]  Plaintiffs then claim that Defendant violated § 1692c(b) by communicating with a third party in connection with the collection of a debt.  [*Id.*, ¶¶ 22, 23.]

In their prayer for relief,[1] Plaintiffs ask for a judgment against Defendant for actual damages, statutory damages, costs and attorney's fees under § 1692k of the FDCPA.  [*Id.*, p. 6.]   Finally, Plaintiffs request "other and further relief as may be just and proper."  [*Id.*]   These allegations and requests for relief constitute the entirety of Plaintiffs' Complaint.   Defendant now moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### III. <u>STANDARD OF REVIEW</u>

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted when it appears that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).   "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).   In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a

---

[1] Plaintiffs' prayer for relief is unclear because it appears to be brought on behalf of only one of the plaintiffs ("the Plaintiff has suffered actual damages…"), but it does not specify which of the two plaintiffs is seeking which relief.  [Doc. 1, p. 6.]   For purposes of this motion, Defendant assumes that both Cole and Banderas are seeking each form of the relief requested.

short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The Supreme Court has recently stated that Rule 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937 (2009) (citing *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F. 3d 53, 56 (1st Cir. 1999)).  Finally, the Supreme Court has noted that Plaintiff must "nudge[] [his] claims across the line

from conceivable to plausible, [otherwise, his] complaint must be dismissed."

*Twombly*, 550 U.S. at 570.

## IV. ARGUMENT

### A.   Because Plaintiffs Admit They Are "Consumers," There Cannot Be A Third-Party Disclosure Violation.

Plaintiffs' sole claim is for a violation of § 1692c(b) of the FDCPA, which prohibits communications about a debt with any person other than "a consumer." *See* 15 U.S.C. § 1692c(b).   In this case, Plaintiffs allege specifically that they "are 'consumers' as that term is defined by 15 U.S.C. § 1692a(3)"   [*See* Doc. 1, ¶ 4.] Because they declare that they are consumers, and because § 1692c(b) permits communication with "a consumer," Plaintiffs' Complaint fails to state a claim under § 1692c(b).

Section 1692c(b) provides as follows:

(b)   COMMUNICATION WITH THIRD PARTIES.   Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than **a consumer**, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added).   Under a natural reading of this section, it is apparent that a debt collector **may communicate with "a consumer**, his

attorney, a consumer reporting agency…" without risking exposure under § 1692c(b).   *Id*. (emphasis added)

In their Complaint, Plaintiffs allege unequivocally that they "are 'consumers' as that term is defined by 15 U.S.C. § 1692a(3)"   [*See* Doc. 1, ¶ 4.]   Plaintiffs allege further that Defendant contacted Cole and Banderas--both consumers--about the alleged debt.   [*See id*, generally.]   The Complaint does not assert that Defendant contacted anyone other than these two consumers about the alleged debt.   [*Id*.]

Because Cole and Banderas allege that they are both consumers, and because communication with "a consumer" is permissible under § 1692c(b), Plaintiffs have not stated a claim for relief under § 1692c(b) and their Complaint must be dismissed.[2]

---

[2] To the extent this Court concludes that Banderas is not a "consumer" under the FDCPA, then her claims must still be dismissed because only "consumers" can bring a claim for an alleged violation of 15 U.S.C. § 1692c(b).   *See Frazer v. IPM Corp. of Brevard, Inc*., 1:10-cv-1698-WCO-AJB, 2011 WL 727777, *7 (N.D. Ga. Mar. 3, 2011) (citing *Deul v. Santander Consumer USA, Inc*., 700 F. Supp. 2d 1306, 1311-12 (S.D. Fla. 2010)) (additional internal citations omitted) ("…if an individual bringing suit does not qualify as a consumer under 15 U.S.C. § 1692c, courts should dismiss the case for lack of standing.").   Furthermore, if it is concluded that Plaintiffs' Complaint alleges liability under § 1692e(5), that claim too should be dismissed because Banderas has not alleged that she stood in the shoes of Cole when receiving the alleged offending communication nor has she pled "injurious exposure" to the communication such as required to have standing under § 1692e(5).   *See Vick v. NCO Financial Systems, Inc.*, No. 2:09-cv-114-

**B.** **The Only Portion Of The FDCPA Plaintiffs' Complaint Alleges Defendant Violated Is 15 U.S.C. § 1692c(b).**

Plaintiffs' Complaint cannot be construed as asserting any other claims under the FDCPA other than their claim for alleged violation of § 1692c(b) because Plaintiff's Complaint fails to specify any other portions of the FDCPA that Defendant violated.  Rule 8 of the Fed. R. Civ. P. requires, at a minimum, that a complaint give the defendant "'fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Roe v. Aware Woman Center for Choice, Inc.*, 253 F. 3d 678 (11th Cir. 2011) (quoting *Conley v. Gibson*, 355 U.S. at 47)).  Therefore, it is now well-settled that a plaintiff's complaint alleging a statutory claim must specify the portions of the statute claiming to have been violated.  *See e.g. Koolen v. Beltway Cap. Mgmt., LLC*, No. 10-050S, 2011 WL 561131, at *5 (D.R.I. Jan. 3, 2011) (Magistrate Judge recommending that FDCPA claim be dismissed because the Plaintiff failed to specify what provisions of the FDCPA were violated); *Koolen v. Beltway Cap. Mgmt., LLC*, No. 10-050S, 2011 WL 582504 (D.R.I. Feb.

---

TJW-CE; 2011 WL 1195941, *5 (E.D. Tex. Mar. 7, 2011) (noting that third-party, non-debtors do not have standing to assert FDCPA violations for collection efforts aimed at someone else); *Sibersky v. Goldstein*, No. 03-7993, 2005 WL 2327235 (2d Cir. Sept. 21, 2005) (dismissing § 1692e(5) claim where plaintiff failed to plead that he stood in the shoes of the consumer or that he was injuriously exposed to the communication); *Schwartz v. Resurgent Capital Services, LP*, No. 08-cv-2533-NG-RML, 2009 WL 375600, *4 (E.D.N.Y. Nov. 9, 2009) (same).

8, 2011) (adopting the Magistrate Judge's report and recommendation); *Levine v. Downey*, No. CV-09-1656, 2009 WL 4282471, at *4 (D. Ariz. Nov. 25, 2009) (dismissing plaintiff's claims under the FDCPA, RESPA and Arizona Consumer Fraud Act due to the plaintiff's complaint failing to specify the provisions of any statute claimed to have been violated).   Because Plaintiffs' Complaint fails to specify any other provisions of the FDCPA that Defendant has allegedly violated, Defendant is not provided with "fair notice" of Plaintiffs' claims.   Based on this pleading deficiency, Plaintiffs' FDCPA claim should be limited to their claim for alleged violations of 15 U.S.C. § 1692c(b).

    **C.**    **<u>Plaintiffs' Complaint Fails To Satisfy The Pleading Standard Set Forth in Fed. R. Civ. P. 8(a) and Clarified By the U.S. Supreme Court in <i>Twombly</i> and <i>Iqbal</i>.</u>**

Plaintiffs' claims must also be dismissed because they fall well below the pleading floor set by the Federal Rules of Civil Procedure, as well as binding Supreme Court and Eleventh Circuit precedent.   Specifically, Plaintiffs fail to plead specific facts that could support their claims.   Federal law sets forth a floor of acceptability beneath which no complaint may travel and makes clear that pleading requires more than conclusory allegations.   *See Twombly*, 516 F.3d at 556; *see also Iqbal*, 129 S.Ct. at 1945-50; *Davis v. Coca Cola Bottling Co.*, 516 F.3d 955 (11th Cir. 2008).   In *Davis*, the Eleventh Circuit Court of Appeals stated

that the purpose of Rule 8(a)(2) of the Federal Rules of Civil Procedure is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis*, 516 F.3d at 973 (quoting *Twombly*, 550 U.S. at 555).   "To that end, a complaint's '[f]actual allegations must be enough to raise a right of relief above the speculative level."   *Id.* (quoting *Twombly*, 550 U.S. at 555).   Recently, when deciding whether a complaint alleging FDCPA violations was sufficient under Fed. R. Civ. P. 8 and 12(b)(6), the court in *Tucker v. Malcolm S. Gerald and Associates, Inc.* stated the following:

> The *Iqbal* Court further explained that a court need not accept legal conclusions couched as factual recitations as true and that determining whether a complaint states a plausible claim for relief is a context-specific task requiring the reviewing court to draw on its judicial experience and common sense.  A complaint has *alleged* but has not *shown* entitlement to relief, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.

No. 3:09-cv-1183-J-12JRK, 2010 WL 1223912, at *2 (M.D. Fla. Mar. 24, 2010).

In this case, Plaintiffs have expressly alleged that Defendant violated 15 U.S.C. § 1692c(b) (third-party disclosure) by calling Banderas about Cole's debt. [Doc. 1, generally.]  In *Tucker v. Malcolm S. Gerald and Associates, Inc.*, the court addressed allegations that were much more detailed than those in the current complaint.  No. 3:09-cv-1183-J-12JRK, 2010 WL 1223912, at *1 (M.D. Fla. Mar. 24, 2010).   The plaintiff's complaint in *Tucker* contained allegations that the

defendant: placed calls to plaintiff seeking and demanding payment for an alleged debt that plaintiff did not owe; hung up without leaving voicemails; failed to disclose the call was from a debt collector; failed to provide meaningful disclosure of the caller's identity; and did not send the plaintiff a validation letter. *Id.* at *2. Addressing the viability of these "factual" allegations, the court concluded that the complaint was "largely comprised of formulaic recitations of the statutory elements of violations of the FDCPA and [did] not allege facts sufficient to meet the requirements of *Twombly* and *Iqbal* . . . ." *Id.* Specifically, the court stated that the plaintiff's complaint did "not describe the number, frequency or pattern of calls." *Id.* Moreover, the court noted that the factual assertions did not adequately support the plaintiff's allegations regarding violations of the FDCPA involving false representations or improper communications, "because he has not alleged that Defendant made any representations or communications at all, only that Defendant called without leaving any messages." *Id.*

In another recent case, the court in *Sullivan v. CTI Collection Services* dismissed an FDCPA complaint, noting that the plaintiff had failed to properly allege that he was a consumer and that the defendant was a debt collector subject to the provisions of the FDCPA. No. 8:09-cv-365-T-30TGW, 2009 WL 1587588

(M.D. Fla. June 5, 2009).   The plaintiff's complaint stated, in pertinent part, as follows:

> 7.    Plaintiff is a consumer as that term is defined by 15 U.S.C.1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1682a(5) . . . .
>
> 8.    Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

*Id.* at *2.   The court stated that these allegations were "exactly the type of threadbare recitals that the Supreme Court sought to prevent in *Iqbal*."   *Id.*   The court went on, stating that the plaintiff "has merely recited the elements of the action."   *Id.*

In yet another recent decision, the court in *Amaya v. Pollack and Rosen* also dismissed an FDCPA complaint as failing to satisfy the federal pleading standard. No. 09-21137-CIV, 2010 WL 724451, at *4 (S.D. Fla. Feb. 25, 2010).   In *Amaya*, the court stated that the plaintiff's complaint merely recited different sections of the FDCPA.   *Id.*   The court also stated that:

> [m]any of the remaining paragraphs are conclusory statements.   For instance, [the plaintiff] alleges that the Defendants caused his telephone to ring with the intent of annoying or harassing and used false or deceptive means to collect the debt, §§ 1692d(5) and 1692e(10), respectively.   The only allegations in the Complaint that relate to these violations state, 'Defendants violated § 1692d(5) by causing the telephone to ring repeatedly and continuously with the intent to annoy, abuse and/or harass Plaintiff,' and 'Defendants

> violated the FDCPA § 1692e(10) by using false representations and/or
> deceptive means to attempt to collect a debt.

*Id.*  The court concluded that these "factual" allegations were insufficient and that "[e]ven considering all of the communications attached to the complaint, these allegations are the type of 'threadbare recitals' and 'conclusory statements' that the Supreme Court sought to prevent in *Iqbal.*"  *Id.*; *see also Georgia ex rel. Saunders v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 1335824 (N.D. Ga. Mar. 11, 2011) (dismissing FDCPA claims and noting that "the portion of the complaint referencing the FDCPA reads like a scattered outline of the law, its application, and its history").

Plaintiffs' allegations in the instant case are no more specific than those in *Tucker, Sullivan,* and *Amaya*.  For example, Plaintiffs bring a claim for third party disclosure, but state only that Defendant "called a telephone number not belonging to Plaintiff Cole and disclosed the existence of the Subject Debt to a third party, Plaintiff Banderas."  [*See* Doc. 1, ¶ 14.]  As explained by the court in *Sembler v. Attention Funding Trust*, No. 07-CV-2493(RJD)(LB), 2009 WL 2883049, at *3 (E.D.N.Y. Sept. 3, 2009), "[t]hough most communications by a debt collector with individuals other than the consumer are forbidden, *see* 15 U.S.C. § 1692c(b), certain other communications are both permitted and necessary, *see* 15 U.S.C.§ 1692b(c) (allowing debt collectors to communicate with individuals other than the

consumer for purposes of "acquiring location information").  Therefore, Plaintiffs'

allegations regarding the contact with Banderas are insufficient, as the content and

context of those phone calls must be contained within Plaintiffs' allegations,

including the "approximate dates of the calls, or -- most importantly -- the content

of those calls." *Sembler*, 2009 WL 2883049, at *3.  "Plaintiff must do more than

allege facts that are 'merely consistent with' a defendant's liability, *Iqbal*, 129 S.Ct.

at 1949, or 'speculative,' *Twombly*, 550 U.S. at 555, he must allege facts that

'allow[] the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged.'"  *Id.* (citing *Iqbal*, 129 S.Ct. at 1949).

Significantly, Plaintiffs' Complaint also contains the same type of language

that was deemed insufficient in *Sullivan.*  Plaintiffs' Complaint states:

> 4.    Plaintiffs … are "consumers" as that term is defined by 15
> U.S.C. § 1692a(3).

> 5.    [Defendant] … is a "debt collector" as that term is defined by
> 15 U.S.C. § 1692a(6).

> 10.    That the Subject Debt was a "debt" as that term is defined by 15
> U.S.C. § 1692a(5).

[*See* Doc. 1, ¶¶ 4, 5, 10]; *see Sullivan*, 2009 WL 1587588, at *2.  As stated in

*Sullivan*, "[t]hese seem to be exactly the type of threadbare recitals that the

Supreme Court sought to prevent in *Iqbal*.   Plaintiffs have merely recited the elements of the action."   *Id.* at *2.[3]

In sum, Plaintiffs' Complaint fails to satisfy the pleading standard articulated by Fed. R. Civ. P. 8, clarified by *Iqbal* and *Twombly*, and discussed in *Tucker*, *Sullivan*, and *Amaya*.   Defendant should not be forced to guess as to Plaintiffs' factual allegations.   Instead, Plaintiffs bear the burden of drafting a sufficient complaint to which Defendant can properly respond.   Plaintiffs have failed to satisfy their burden.   As a result, Plaintiffs' Complaint should be dismissed, with prejudice.

---

[3] Threadbare allegations regarding a defendant's status as a "debt collector" was also addressed in the recent decision *Schnoll v. Midland Credit Management, Inc.*, No. 10-60224-ASG, Doc. 20, p. 5-6 (S.D. Fla. July 8, 2010) (Gold, J.).  In *Schnoll*, Judge Gold stated as follows:

> While Plaintiffs' Complaint alleges that Defendant was a "debt collector" and that Defendant "collected a consumer debt," Plaintiffs have failed to allege any *facts* supporting these legal conclusions.  For example, Plaintiffs have failed to allege any *facts* "showing" what the Defendant regularly does . . . .   Nor have they alleged any *facts* supporting the reasonable inference that Defendant is engaged in a business the principal purpose of which is to collect debts . . . .   Instead, Plaintiffs have merely recited the legal conclusion that Defendant is a "debt collector."  Because allegations of this nature are insufficient under *Twombly* and *Iqbal*, Plaintiffs' claim must be dismissed.

*Id.* (internal citations omitted).

**D.**    <u>**Plaintiffs Do Not Allege A Violation of 15 U.S.C. § 1692e(5).**</u>

If Plaintiffs' Complaint can somehow be read to bring a claim under § 1692e(5), it must be dismissed because Plaintiffs do not allege that Defendant threatened to take an action that it could not legally take or that it did not intent to take. Instead, Plaintiffs have alleged only that "an employee or employees of Defendant threatened to take action in the form of an imminent lawsuit to collect the debt if Plaintiff Cole did not pay the Subject Debt;" that "Defendant is not licensed to practice law in the State of Georgia;" and that "Defendant has not engaged an attorney to file against Plaintiff Cole." [Doc. 1, ¶¶ 17-20.] These vague allegations do not state a claim under § 1692e(5).

Section 1692e(5) of the FDCPA does not explicitly prohibit the threat of litigation, but precludes threats "to take any action that cannot legally be taken or that is not intended to be taken." Therefore, in order for the Plaintiffs to demonstrate a violation of §1692e(5) has occurred, the Plaintiffs must show: (1) threatened action (2) which was not intended to be or could not have been taken. *Larsen v. JBC Legal Group, P.C.*, 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008). Communications that merely inform the debtor that the debt collector is seeking repayment do not violate §1692e(5). *See id.* In addition, simply communicating that the collection agency has many options with which to pursue a debt is also

insufficient to constitute a threat.  *See id.*  Furthermore, notifying the debtor of the possibility of taking legal action does not violate this provision, *Whayne v. U.S. Dept. of Education*, 915 F. Supp. 1143, 1145 (D. Kan. 1996); s*ee also Saltzman v. IC Sys., Inc.,* No. No. 09-10096, 2009 WL 3190359, 4  (E.D. Mich. Sept. 30, 2009).  In addition, to establish the second prong of the test, the Plaintiffs must show that "the possibility of the threatened lawsuit could be 'ruled out,' such that defendants had no intention of ever bringing legal action against her." *Larsen,* 533 F.Supp.2d at 303. *See also Baptist v. Global Holding and Investment Company*, LLC, 2007 WL 1989450 (E.D.N.Y July 9, 2007) (stating that plaintiff carries the burden of showing that the possibility of a lawsuit could be ruled out).

No such allegations are present here.  As set forth above, Plaintiffs' Complaint alleges only that Defendant made an alleged threat and does not allege that the threat was not intended or that it could not have been taken.  [Doc. 1, generally.]  Because Plaintiffs' Complaint fails to plead these critical elements, they have not stated a claim under § 1692e(5) and any claim under § 1692e(5), if they have even asserted one, must be dismissed.

## V. <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint, with prejudice.

Respectfully submitted,

s/ R. Frank Springfield
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorneys for Defendant
LAW OFFICES OF JAMES A. WEST, P.C.

---

## CERTIFICATION OF COUNSEL

---

I hereby certify that the foregoing **DEFENDANT LAW OFFICES OF JAMES A. WEST, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2011, I presented **DEFENDANT LAW OFFICES OF JAMES A. WEST, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

John C. Forbes
Law Offices of Mark A. Carey, P.C.
925-B Peachtree Street, NE, Suite 307
Atlanta, GA 30309

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1921750 v1